**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MILLER PALERMO SOLIZ,

      Petitioner,

v.                                                                  Case No. 8:23-cv-1236-WFJ-SPF

WARDEN, FORT DIX,

      Respondent.

_____/

## ORDER

    Miller Palmero Soliz, a federal prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). Upon review, it is apparent that the petition was improperly filed in this district. Unlike other forms of habeas relief, a § 2241 petition "may be brought *only* in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) (emphasis added); *see also Garcia v. Warden*, 470 F. App'x 735, 736 (11th Cir. 2012) ("[J]urisdiction for § 2241 petitions lies only in the district of confinement."); *United States v. Kinsey*, 393 F. App'x 663, 664 (11th Cir. 2010) ("Unlike § 2255 motions, motions made pursuant to § 2241 must be brought only in the district court for the district in which the inmate is incarcerated.").

    Mr. Palermo Soliz is not incarcerated in the Middle District of Florida; he is incarcerated at FCI Fort Dix, which is located in the District of New Jersey. (Doc. 1 at 1). Accordingly, this Court lacks jurisdiction over Mr. Palermo Soliz's petition. *See Padgett v. Warden, USP Atlanta*, 745 F. App'x 859, 862 (11th Cir. 2018) ("[J]urisdiction over a §

2241 habeas petition challenging present confinement lies in only one district: the district of confinement."). Because jurisdiction is not proper in this district, the Clerk is directed to **TRANSFER** this action to the District of New Jersey and to **CLOSE** this case. *See* 28 U.S.C. § 1631 (permitting district court to transfer action to cure "a want of jurisdiction" where such transfer "is in the interest of justice").

      **DONE** and **ORDERED** in Tampa, Florida, on June 5, 2023.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE